UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-61444-CIV-MARTINEZ-MCALILEY

LARRY DELANEY,

    Plaintiff,

vs.

PRESIDENT BARACK O'BAMA, VICE
PRESIDENT JOSEPH BIDEN, SENATOR
JAY ROCKEFELLER, DAVID
ROCKEFELLER, JOYCE DOBSON, UNITED
STATES CHEVRON OIL COMPANY, OFF-
BROWARD SELF-STORAGE,

    Defendants.
_____/

## ORDER DISMISSING CASE

THIS CAUSE came before the Court upon Plaintiff's application to proceed *in forma pauperis* (D.E. No. 4) and *sua sponte* upon a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

The Court must dismiss *in forma pauperis* proceedings if they are frivolous. 28 U.S.C. § 1915. A frivolous claim is one that is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)). A case is also frivolous "when it appears the plaintiff 'has little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Bilal v. Driver*, 251 F.3d at 1349 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

The Plaintiff asserts claims under 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Title VII of the Civil Rights Act of 1964. He claims that the Defendants conspired to interfere with his civil rights by discriminating against him as a descendant of German royalty and by interfering with his Fourteenth Amendment due process rights by preventing access to the courts.[1]

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff has not alleged any action by Defendants that would interfere with any real property right. Although § 1982 has been interpreted broadly to encompass the "not merely the enforceability of property interests acquired by black citizens but also their right to acquire and use property on an equal basis with white citizens," *Memphis v. Greene*, 451 U.S. 100, 120 (1981), it is not an all-purpose discrimination statute. *See Harmon v. Orlando Florida Sentinel*, No. 89-746-CIV-ORL-19, 1991 WL 128539, at *3 (M.D. Fla. Jan. 15, 1991) (granting summary judgment on a § 1982 claim that did not involve real property interests and therefore fell outside the scope of § 1982). Because Plaintiff has not alleged any discrimination with regard to property, his § 1982 claim will be dismissed.

To state a claim under § 1983, the plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). In this case, the Plaintiff alleges

---

[1] Plaintiff's factual allegations, often fantastical and semi-coherent, include many matters that appear to be completely extraneous to his claims. The Court finds it unnecessary to detail those factual allegations here. Any relevant factual assertions will be discussed as necessary in the body of the analysis.

in a conclusory fashion that his Fourteenth Amendment due process rights were violated in that he was denied access to the courts. Plaintiff has not alleged any facts showing that he was denied access to the courts or that his due process rights were otherwise violated, however. Plaintiff does allege that he was "tied to the whipping post," but he appears to be speaking figuratively, because he asserts this happened "in . . . coded case law." Plaintiff also alleges that "President O'bama [sic]" and "Vice President Biden" arranged "to have the Petitioner jumped by two Hawaiians in his sleepingbag" and arranged "for a girl to poison the Petitioner at his apartment complex." On their face, these allegations, particularly in conjunction with Plaintiff's other allegations, appear fantastic and delusional. Even if the Court did not dismiss these allegations as frivolous on their face, the Court notes that they do not appear to assert that the President and Vice-President were acting under color of state law. "Not all actions by state employees are acts under color of law." *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995). "A state official acts under color of law when he exercises the authority that he possesses by virtue of his position with the state." *Christman v. Walsh*, No. 10–14127, 2011 WL 721302, at *3 (11th Cir. Mar. 2, 2011). Plaintiff does not allege that these unnamed Hawaiians or this unnamed "girl" poisoner were law enforcement or that their actions were made possible only because of the Defendants' authority pursuant to their official positions. Plaintiff's claim under § 1983 is clearly frivolous.

"Section 1985 covers conspiracies to interfere with civil rights." *Kivisto v. Miller, Canfield, Paddock and Stone, PLC*, 413 Fed. Appx. 136, 139 (11th Cir. Jan. 25, 2011). Plaintiff's allegations regarding a conspiracy motivated by discriminatory animus due to his German origin are entirely conclusory. He does not allege any facts in support of his bare

assertions. Accordingly, his § 1985 claim will be dismissed.

Finally, "Title VII makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Abbes v. Embraer Serv., Inc.*, 195 Fed. Appx. 898, 900 (11th Cir. 2006). Plaintiff has not alleged that any Defendants employed him. Therefore, because he is not asserting a Title VII claim against his employer, that claim shall be dismissed. Therefore, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's application to proceed *in forma pauperis* (D.E. No. 4) is GRANTED; however, service SHALL NOT ISSUE.

2. This case is DISMISSED pursuant to 28 U.S.C. § 1915. This case is CLOSED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of June, 2011.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record